# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

March 8, 2017

Lyle W. Cayce
Clerk

No. 16-20193

AUDRY L. RELEFORD, JR., Individually, and as Representative of the Estate of Kenneth Brian Releford,

       Plaintiff - Appellee

v.

JASON ROSEMON,

       Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-2810

Before DAVIS, CLEMENT, COSTA, Circuit Judges.

PER CURIAM:*

"Few facts in this case are undisputed."[1] However, the parties stipulate to the following. In the pre-dawn hours of October 11, 2012, Kenneth Brian Releford was accused of breaking into a neighbor's home and assaulting two of its occupants. The Houston Police Department dispatched Officer Jason

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] *Releford v. City of Hous.*, No. 4:14-CV-2810, 2016 WL 774552, at *1 (S.D. Tex. Feb. 29, 2016).

No. 16-20193

Rosemon to the scene. When Rosemon encountered Releford – who was unarmed – a dispute ensued, and Rosemon shot Releford twice, resulting in Releford's death.

Releford's estate filed suit against Rosemon in his individual capacity pursuant to 42 U.S.C. § 1983. Rosemon filed a motion for summary judgment based on qualified immunity, the district court denied it, and Rosemon filed this interlocutory appeal.

Rosemon claims that when he shot and killed Releford, Releford posed an imminent risk of serious harm. His account reads as follows: Releford was agitated and aggressive. He was accused of breaking into a neighbor's home and assaulting two of its occupants. His left hand was hidden behind his back. It was dark. He was advancing towards Rosemon. Rosemon begged Releford to stand down, to show his left hand, and to engage in dialogue rather than violence. Releford refused. He continued to advance with his left hand behind his back. When he got within a few feet of Rosemon, Rosemon shot him. Releford absorbed the bullet and continued to advance — his left hand still behind his back. So Rosemon shot him again. This time, Releford collapsed, and Rosemon could see that he was unarmed. But it was too late. Releford was already dead.

Releford's estate presents a very different picture of the morning in question, based in part on unsworn declarations that constitute competent summary judgment evidence pursuant to 28 U.S.C. § 1746(2).[2] Creola Scott, for example, claims that it was Rosemon who was animated, not Releford. That Rosemon got out of his car with his gun drawn, walked toward Releford's home, and ordered Releford outside. Releford came outside. That Rosemon then began backpedaling and ordered Releford to follow him, which Releford did.

---

[2] *See Nissho-Iwai Am. Corp. v. Kline*, 845 F.2d 1300, 1306 (5th Cir. 1988).

No. 16-20193

That Releford was not being loud or aggressive. That both of Releford's hands were in plain sight. That Releford clearly was not hiding a weapon in his left hand. That Releford clearly was unarmed. That Rosemon shot and killed Releford for no reason. That Releford never attempted to run. That Releford did not charge at Rosemon. That Releford did not provoke Rosemon. That Releford did not pose a threat to Rosemon. That Releford was compliant in all respects.

"Where factual disputes exist in an interlocutory appeal asserting qualified immunity, we accept the plaintiff's version of the facts as true."[3] To the extent that Rosemon argues that he is entitled to qualified immunity under Releford's version of the facts, we disagree. The Supreme Court established in 1985 that "[a] police officer may not seize an unarmed, nondangerous suspect by shooting him dead."[4]

To the extent that Rosemon argues that he is entitled to qualified immunity under a different version of the facts, we **DISMISS** his appeal for lack of appellate jurisdiction. "Where the district court has determined that genuine issues of material fact preclude a determination of qualified immunity, we have jurisdiction only to address the legal question of whether the genuinely disputed factual issues are material for the purposes of summary judgment."[5] "Thus, a defendant challenging the denial of a motion for summary judgment on the basis of qualified immunity 'must be prepared to concede the best view of the facts to the plaintiff and discuss only the legal issues raised by the appeal.'"[6]

---

[3] *Cutler v. Stephen F. Austin State Univ.*, 767 F.3d 462, 469 (5th Cir. 2014) (alteration omitted) (quoting *Kinney v. Weaver*, 367 F.3d 337, 348 (5th Cir. 2004)).

[4] *Tennessee v. Garner*, 471 U.S. 1, 11 (1985).

[5] *Lytle v. Bexar Cty., Tex.*, 560 F.3d 404, 408 (5th Cir. 2009).

[6] *Freeman v. Gore*, 483 F.3d 404, 410 (5th Cir. 2007) (quoting *Gonzales v. Dallas Cty.*, Tex., 249 F.3d 406, 411 (5th Cir. 2001)).

No. 16-20193

Appeal **DISMISSED**.